a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

HOWARD JAMES WHITE #18503-078,
Petitioner

CIVIL DOCKET NO. 1:22-CV-06230
SEC P

VERSUS

JUDGE DRELL

WARDEN U S P POLLOCK,
Respondent

MAGISTRATE JUDGE PEREZ-MONTES

---

REPORT AND RECOMMENDATION

Before the Court are a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and a "Pro Se Motion for Relief Pursuant to § 2241"[1] filed by pro se Petitioner Howard James White ("White").  ECF Nos. 11, 20.  White is incarcerated at the United States Penitentiary in Pollock, Louisiana.  He challenges the computation of his sentence by the Bureau of Prisons ("BOP"), and also complains about the conditions of his confinement.

Because White has not exhausted his administrative remedies as to his sentence computation claim, and because the other relief sought cannot be obtained under § 2241, the Petition (ECF No. 11) should be DISMISSED WITHOUT PREJUDICE, and the Motion (ECF No. 20) should be DENIED.

---

[1] The document is docketed as an Amended Complaint.  ECF No. 20.

I.    Background

White was arrested by Texas officials on November 13, 2010.  ECF No. 11-1 at 2.  While those charges were pending, White was temporarily transferred to the custody of the United States Marshal Service pursuant to a Writ of Habeas Corpus ad Prosequendum for federal prosecution.  *United States v. White*, 1:11-CR-0009 (E.D. Tex.), ECF No. 20.  White pleaded guilty to Conspiracy to Commit Hobbs Act Robbery and Brandishing a Firearm in Furtherance of a Crime of Violence.  He was sentenced to a total of 300 months of imprisonment.  ECF No. 11-1 at 2.

White was transferred back to state custody and pleaded guilty to "related conduct from the same robberies."  *Id.*  White asserts that, pursuant to a plea agreement with the State of Texas, his 10-year state sentence was to run concurrently with his federal sentence.  *Id.*  However, after completing the 10-year sentence, White was transferred to federal custody to serve the full 300-months federal sentence.

White seeks credit toward his federal sentence for the time served in state custody.  He was ordered to amend the Petition by June 12, 2023, to establish exhaustion of administrative remedies.  ECF No. 18.  He failed to comply with the Order.

On August 30, 2023, the Clerk of Court received a document from White entitled: "Pro Se Motion Pursuant to § 2241."  ECF No. 20.  The document is not responsive to the Order to amend, and it raises two new claims regarding access to the prison law library and recreation area.  *Id.*

## II.    Law and Analysis

White was Ordered to establish whether he exhausted administrative remedies regarding the computation of his sentence.  ECF No. 18.  White's response is more than six months past due.  Although White filed the "Motion"/"Amended Complaint" on August 30, 2023, it does not provide any information regarding exhaustion.  For several reasons, these circumstances warrant dismissal.

First, a district court may dismiss an action for a plaintiff's failure to prosecute or to comply with any order.  *See* Fed. R. Civ. P. 41(b).  The dismissal may occur upon the motion of the defendant or the Court's own motion.  The authority to dismiss sua sponte is provided to "achieve the orderly and expeditious disposition of cases"; to "prevent undue delays"; and to "avoid congestion in the calendars of the District Courts."  *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-31 (1962); *see also Morris v. Ocean Sys., Inc.,* 730 F.2d 248, 251 (5th Cir. 1984); *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1167 (5th Cir. 1980).

Additionally, exhaustion is a prerequisite to the presentation of a claim under § 2241.  A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons."  *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief).  The BOP has a four-step process for resolving complaints by prisoners.  *See* 28 C.F.R. § 542.10.  Initially, a prisoner must attempt to informally resolve the complaint with staff using

a form BP-8. *Id.* at § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy (BP-9) to the warden. *Id.* at § 542.14. If the prisoner is unsatisfied with the warden's response, he may appeal to the Regional Director (BP-10). *Id.* at § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel (BP-11). *Id.* Appeal to the Office of General Counsel is the final administrative appeal in the BOP remedy process. *See id.* Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

Because White has not established exhaustion and has failed to comply with the Court's Order (ECF No. 18), the claims raised in the Petition (ECF No. 11) should be dismissed without prejudice.

The civil claims regarding the conditions of confinement raised in White's "Pro Se Motion Pursuant to § 2241" (ECF No. 20) are not cognizable under § 2241. Rather, § 2241 only allows prisoners to challenge "the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *see also Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Thus, these claims should also be dismissed without prejudice.

III.    Conclusion

Because White has not established exhaustion of the habeas claim raised in the Petition (ECF No. 11), and because the claims presented in the "Pro Se Motion Pursuant to § 2241" (ECF No. 20) are not cognizable under § 2241, IT IS RECOMMENDED that all claims be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 7, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE